IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Warren Mitchell Cooper,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:02-cr-01018-TLW<br>C/A No. 4:13-cv-02022-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Warren Mitchell Cooper. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 190 months imprisonment on June 20, 2003. He was sentenced as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] His ACCA predicate offenses consisted of one conviction for assault and battery of a high and aggravated nature ("ABHAN") and two convictions for failure to stop for a blue light.

Petitioner filed a direct appeal, and his counsel submitted an *Anders* brief raising the issues of whether the magistrate judge complied with Rule 11 before entering Petitioner's guilty

---

[1] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who possess, among other things, firearms, and who also have three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).

1

plea and whether this Court erred in using his blue light convictions to enhance his sentence under the ACCA. Petitioner did not file a pro se supplemental brief. The Fourth Circuit concluded that there was no merit to either issue and affirmed. *United States v. Cooper*, 102 F. App'x 300, 301 (4th Cir. 2004).

On September 27, 2005, Petitioner filed his first § 2255 petition.[2] After briefing, the Court denied the petition. He did not appeal.

On August 19, 2010, he filed with the Fourth Circuit a request for authorization to file a second or successive § 2255 petition, which was denied. No. 10-245, ECF No. 4 (4th Cir. Sept. 1, 2010).

On September 15, 2010, he filed a § 2241 petition attacking his sentence. This petition was denied without issuance and service of process because the claim he asserted—that, based on *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), his blue light convictions should not have been used to enhance his sentence under the ACCA—was not properly made in a § 2241 petition. *Cooper v. Warden*, No. 4:10-2402-JFA-TER, 2011 WL 1113544, at *2 (D.S.C. Mar. 28, 2011).

On May 6, 2011, he filed a motion to vacate his judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. ECF No. 53. That motion was also denied. ECF No. 55.

Undeterred, he filed the instant § 2255 petition on July 22, 2013, asserting that he is "actually innocent" of the ACCA enhancement based on the *Rivers* decision and that his ACCA enhancement violated his Sixth Amendment rights under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this second or successive petition. The Government filed a motion to dismiss, arguing that

---

[2] This § 2255 petition was filed under case number 4:05-cv-02814-TLW.

this § 2255 petition should be dismissed as second or successive and that he is not entitled to relief on the merits. He then filed a response to the Government's motion.

## II.    Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").[3]

## III. Conclusion

This is a second or successive § 2255 petition. Petitioner must obtain authorization from the Fourth Circuit to file a second or successive § 2255 petition. As he has not obtained this authorization, this petition is subject to dismissal.

For these reasons, the Government's Motion to Dismiss, ECF No. 63, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 58, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a

---

[3] The Court is aware of, and has carefully reviewed, the Fourth Circuit's recent decision in *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014). There, the petitioner filed his § 2255 petition after the state court vacated a prior conviction that had raised his criminal history category from III to IV. *Hairston*, 754 F.3d at 258. Though he had previously filed a § 2255 petition that had been denied, *id.*, the Fourth Circuit concluded that the § 2255 petition based on his vacated state conviction was not a second or successive petition within the meaning of § 2255(h) because his claim was not ripe until his state conviction was vacated, *id.* at 261–62.

The issue in *Hairston* and the two cases it primarily relied on involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense under the ACCA, as in *Hemingway*. *See id.* at 258; *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013); *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011); *but cf. Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)). Because this case does not involve a vacated conviction, the Court concludes that *Hairston* does not provide Petitioner with relief.

certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

June 4, 2015
Columbia, South Carolina